[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On December 16, 1987, the defendant-appellant, Danny Partridge, was found guilty by a jury of one count of rape (R.C. 2907.02) and one count of gross sexual imposition (R.C. 2907.05). Both incidents occurred on December 24, 1986. The victim in both incidents was Partridge's then twelve-year-old daughter. Partridge was sentenced to life imprisonment for the offenses. This court affirmed his conviction in State v.Partridge (Dec. 21, 1988), Hamilton App. No. C-880032, unreported. Then, on May 5, 2000, Partridge was classified as a sexual predator pursuant to R.C. 2950.09(C), from which judgment he now appeals.
The first three of Partridge's four assignments of error raise, in several parts, the issue of the constitutionality of R.C. 2950.09. He contends that the legislation violates the Ex Post Facto Clause of the federal constitution and the provisions of the Ohio Constitution prohibiting retroactive laws; that the application of R.C. 2950.09
violates the Double Jeopardy Clause of the federal constitution; and that the statute is vague in that it provides no direction for a determination of the factors that lead to the finding that an offender is a sexual predator. These three assignments of error are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122, and State v. Williams
(2000), 88 Ohio St.3d 513, 728 N.E.2d 342, certiorari denied (2000),531 U.S. 902, 121 S.Ct. 241.
In his fourth assignment of error, Partridge argues that the adjudication below was contrary to the manifest weight of the evidence. Counsel for Partridge phrases the issue correctly:
 Where a trial court makes a finding that an individual has been proven to be a sexual predator by clear and convincing evidence, that finding must be supported by competent, credible evidence.
 At the sexual-predator-classification hearing, Partridge presented evidence by way of his institutional records, records of the various programs he had completed while incarcerated, records from a sex-offender treatment program he was attending at the time of the hearing, and several letters of support from various family members and friends. He also testified that he had received a four-year college degree while incarcerated, as well as a two-year degree, and had completed various programs that dealt with developing coping skills and experiencing empathy for the victims of offenses. He testified further that he had an extensive moral, spiritual and financial support system in his mother, brothers, sisters, and the pastor, as well as several members, of the church he attended. Although Partridge had experienced remorse for his behavior, which he termed "inappropriate," he denied that his criminal acts were anything more than "grinding" upon his daughter's body, as opposed to penetration.
The court addressed itself to Partridge and his counsel at the conclusion of the evidentiary hearing in a lengthy, detailed explanation of the court's analysis of the evidence, stating as follows:
 In conclusion, then, with the failure of Mr. Partridge to address his own culpability and responsibility for his behavior in any kind of appropriate manner, makes it more likely that he will continue to participate in inappropriate conduct in the future.
 This case before us is virtually an overlay of State v. Moore (June 8, 2001), Hamilton App. No. C-000639, unreported, in which we reversed a judgment adjudicating Moore a sexual predator and remanded the cause for a new hearing. In Moore, we relied in part on State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. In doing so, we said,
 At the classification hearing in this case, the trial court complied with the final objective cited in Eppinger
by identifying the specific factors in the record that supported its determination. While acknowledging that Moore had made efforts at rehabilitation while serving his prison term, the trial court stated that it was relying on the "attitude" that Moore had displayed in the 1993 psychological evaluation and the fact that Moore had raped a person under the age thirteen in determining that Moore was likely to commit future sexually-oriented offenses.
 After reviewing the record, we note that while the 1993 psychological evaluation and the 1999 screening report may indicate a possibility of recidivism, we cannot say that the evidence presented at the classification hearing weighed clearly and convincingly in favor of a finding that there was a likelihood that Moore would engage in one or more sexually-oriented offenses in the future. While Moore did commit a heinous crime, he had no history of similar offenses, he had made efforts at rehabilitation, and his final evaluation from the Monticello program indicated that he had accomplished the goals of sexual-offender education. [Emphasis in the original, footnotes omitted.]
 In this case, as in Moore, neither the prosecutor nor defense counsel offered or sought to offer testimony from a qualified expert concerning Partridge's likelihood to commit future sexually-oriented offenses. See e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. 000369, unreported.
We sustain Partridge's fourth assignment of error, following the precedent established in Moore, because we cannot say that the evidence presented at the classification hearing weighed, as required by statute, clearly and convincingly in favor of the finding that there was a likelihood that Partridge would engage in one or more sexually-oriented offenses in the future. As we suggested to the trial court in Moore,
when this case is considered on remand, it may be helpful to have an expert provide guidance in the interpretation of the evidence pertinent to that essential question.
Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance herewith.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.